Good afternoon. May it please the court, Sarah Baumgartel of the Federal Defenders on behalf of Tason Hardee. Mr. Hardee pled guilty to possessing a gun after a felony conviction and on appeal he's challenged his conviction under the Second Amendment and raised sentencing issues. For the purposes of oral argument I'd like to focus on the sentencing issues. The substance of his challenge to the length of the sentence is that the district court slipped into improperly presuming the guidelines range reasonable when imposing sentence. The parties agree that the court recognized its discretion to impose a sentence outside the guidelines but it is a separate and distinct error for the court to presume that the guidelines suggest a reasonable sentence and based on certain statements that the judge made at sentencing it appeared that he made that error in imposing this sentence. Mr. Hardee also challenges a special condition of supervised release that requires him to participate in cognitive behavioral treatment. Although the condition was recommended in the pre-sentence report it was not at all discussed by the sentencing judge before it was imposed. It also was not discussed by either of the parties and this court has repeatedly held that it's not just error but plain error for a district court to impose a special condition of supervised release without engaging in an individualized assessment as to why it's necessary in the case and stating on the record the reasons for imposing that and here the district court failed to do those things. This condition in particular is identical to one that this court vacated in a recent summary order in the United States v. Jimenez and for the same reasons as the court found there this condition should also be vacated. That was also cognitive behavioral therapy? Yes cognitive I believe it was called cognitive behavioral treatment in both although I think it was intended to be a reference to cognitive behavioral therapy. I mean there was discussion in the record here that he's has problems making decisions that he wants to he's aware and wants to do better. It was in the PSR I mean is there an argument that there wasn't there weren't specific findings it's pretty evident why the district court decided this would be helpful to him. We submit it's not self-evident from the record and even if the reason were to help him make better decisions I think under the court's decision in the United States v. Carlinio and it's just that is unduly vague and the condition as written delegates excessive authority to the probation department to determine what that therapy might look like what it would require the rigors of the program and in fact the framing of this condition is essentially that he has to participate until released by his probation officer. Yes I'm sorry until released by his probation officer which is a framing that this court has recognized in other contexts delegates excessive discretion to the probation officer. So the the goal of making better decisions I think is probably a goal we'd have for everyone who has a criminal case. How about everyone in life? In life as well. In Jimenez I think the government characterized CBT as mental health treatment for for mentally well people. I mean I think there's a there's one reading under which we could all use therapy and counseling but that's not sufficient for the court to impose a mandate backed by the threat of prison. Could you have a record sufficient evident on its face to impose a CBT requirement? Does it exist? I think it could exist if you both had some specific discussion of it as well as giving some contours of what the program would look like. So for example in other cases sometimes I've seen judges recommend that a defendant who has a drug use problem participate in drug treatment with cognitive behavioral therapy techniques integrated into the treatment. I think you can imagine a situation where if there were some definition given to what the program would be or an identified provider or some more information in the record that it could be lawful but that's not what happened here. Instead it was really just left to the probation department to determine. I mean of course and this circles back into the plein air standard but there wasn't a discussion because there wasn't an objection presumably in part. So it's in the PSR some justification is provided in the PSR even if as you say you know it would arguably applicable to everybody but there's that the district court imposes it and there's no objection which would lead to the kind of discussion that you're suggesting. I don't know. Certainly it would have been better to object and just because we're raising error doesn't mean we're criticizing the district court. This court has repeatedly held that the court's failure to explain a special condition like this is plain error and so even though defense counsel should have objected and that would have provided a record possibly that justified the condition. In Jimenez, I think you were counsel in Jimenez. So what happened on remand? What kind of record was it? Was it reimposed the condition? It was reimposed. I filed another notice of appeal so that may give some indication of whether I think the discussion was sufficient. The court, basically the court talked about the RISE program and the RISE program which the district judge in that case participates in and talked about the use of CBT in connection with the RISE program. It is required of all participants. That's right but RISE itself is a voluntary program which obviously Mr. Hardy has not volunteered for and I just I know now we're going outside the record but I think that my office has not been able to for example get the curriculum of the CBT program that's used in connection with RISE and I also know that we've heard feedback from individuals in that program that it involves an excessive amount of written homework and some other things that may or may not be appropriate for Mr. Hardy and so Mr. Hardy is an individual who earned his GED while in custody. He doesn't have extensive education. There may be CBT programs that are appropriate for particular individuals but this record doesn't provide a sufficient basis to know. With respect to this particular point, what would you like us to do? I'd ask the court to vacate the condition and remand to the district court for further consideration of it. About what? I mean what you're saying I think you would like the district court to have some guidance about you know maybe understanding what cognitive behavioral therapy amounts to in a particular situation. I mean one can imagine all sorts of different kinds of cognitive behavioral therapy. This is a very general prescription here by the court and so but on the other hand I mean that's all on your side vagueness and so forth but on the other side you know the defendant has an opportunity to raise this before the district court and to ask for greater particularity which wasn't done here. So I just don't know. I mean it seems vague to me because I know just in the society a lot of people get cognitive behavioral therapy to deal with all sorts of mental conditions. Not just bad decisions but mental health questions and it can help alleviate symptoms and actually get to root causes of mental health problems. But this is all sort of nebulous here and it wasn't helped by the fact that your client didn't object. I understand and that's why I'm stuck with a plain error standard but I think that even under a plain error standard of review it should be vacated because it is vague as it stands. Part of why this court often applies relaxed plain error to sentencing issues is because it recognizes that a more limited relief is being sought. It's not like a retrial. It wouldn't be a retrial. It wouldn't be a full resentencing. But also circumstances in which it sort of came up during sentencing so there's no opportunity but I think not here where it was in the PSR. You have precedent for applying relaxed plain error in that context? So the court has listed different rationales including the reduced resources that are required for use in a resentencing and so that is one of the rationales that the court has given. It hasn't only said that it's because of the notice issue. And so you could do a very limited remand. Can I just on that point and follow up to Judge Walker's question. You're asking for a remand for development of record but not to just strike the condition? I mean my request in the brief is to strike the condition but in the alternative you could remand for... And if we remand on that, I think in Jimenez you asked for de novo resentencing in remand on this condition. Is that right? Is it your view you'd be entitled to de novo resentencing? No. So in Jimenez we didn't actually request a de novo resentencing. There had been an intervening change in law that lowered Mr. Jimenez's guidelines and we asked the court to consider that in imposing a reduced prison sentence. The court declined to do so. I'm not aware of any intervening change in law that would affect Mr. Hardy's sentence. If that were to happen, is there some chance we'd ask the court to consider it? Yes. But we're not asking for a de novo resentencing. And nor would you be asking for a revisiting of any other conditions or I guess there are no other conditions around here. It's a procedural reasonableness question and then the substantive reasonableness. That's correct. But it wouldn't go back for that. Logically it would just go back on this one special condition. That's correct, assuming you reject my other arguments. Can I just ask you to expound a little bit? You said when this is very vague, I'm not disagreeing, but I'm wondering, I am thinking about what is a district court? How much more specific can you be? You mentioned, for instance, what program? I mean, you're looking 57 months down the road, so you really can't specify a particular program. Maybe you could specify something more about what type of cognitive behavioral therapy or something more specific about the end point. But do you have ideas of what kind of additional information you would like to see in a special condition of this sort? I don't have a specific suggestion for Mr. Hardy, in part because it is not entirely clear to me that he needs this condition. I'm sorry. I'm not sure it's clear he needs this condition. Just for the reasons I started with. I think that the court looked at it and said, you have a long history of committing crimes and that's where your honors started. And that does suggest poor decision making, but sitting here with the record we have, it's not clear to me that there is a CBT program that just helps you be a better decision maker. Also, CBT program, it seems to me, could vary. It could be modified during the course of the treatment. You learn certain things. You get more facts. So that raises the whole question of should we be the ones to sort of try and achieve such granularity or is it best, at least in the hands of the probation department, who are on the scene and dealing with it? Well, so I think it's in between. I think that it's not necessarily this appellate court format is not the best format, but it would sit with the district court judge. Because the district court judge has to impose sufficient parameters so that it's not left essentially to the unbridled discretion of the probation officer to set the terms of the program. And so there must be some greater, in a typical mental health treatment condition, there is a diagnosis that provides context and content to a mental health treatment requirement. And here, all of that context is lacking. And so the district judge is in a better position than this court with the limited record that we have to try to specify some parameters that are more constraining of the probation department than what we have here. Well, wouldn't it be typical that it would go back if nothing was, if no decision was, if we did not disturb anything, it would go to the probation office. The probation office presumably has a therapist that they would refer this case to. That therapist would do a diagnosis at the outset to figure out exactly what steps the therapist ought to be taking with the defendant. And then respond accordingly. And I suppose it, I mean, you know, it did just say cognitive behavioral therapy, go back and improve your decision making. But the devil is in the detail. And the question is who should be doing the detail work? So I think the answer is the district judge has to do more than they've done here. And so, for example, there are other cases, I think United States v. Peterson, where if the judge just says to the probation department, determine if mental health treatment is necessary, then that's an excessive delegation. One thing you could do is you could, for example, the district court judge could order a mental health evaluation, which would be fairly discreet. And then if that health evaluation determined that there was some additional treatment that was required, then I think it would be incumbent to come back to the district court judge for the judge to order the treatment, as opposed to everything going to the probation department. I think United States v. Young, United States v. Peterson are cases where essentially the district court has said you get treatment as directed by the probation department, whether it be sex offender treatment. And this court has said that's an excessive delegation. That's an excessive delegation of power to probation. The district judge themselves needs to be more constraining of probation's discretion than that. Can I ask just a practical question? I don't know, maybe you do, how often CBT is imposed as a condition. I suppose that's a preliminary question, but are you aware of anyone being violated for failing to attend CBT or not doing their homework in CBT? Just practically speaking, is this a real problem? So I'm not personally aware of anyone being violated. I think something that's happened, frankly, is that CBT was not imposed very regularly and was not common and was not something that you saw. And now because of Rice Court or because of situations where judges have become more aware of it, they're imposing it more. Because it sounds like, oh, this sounds good. This is something that we can have people do. And in some ways, that's a positive impulse. But it's not concrete enough, I think, for it to always be a useful or valid condition. The other thing is that from the perspective of our clients, whether or not they're ultimately going to be violated, it's a burden. And so it's a program that they have to take the time to try and participate in. I think we should start from the expectation that people are going to try in good faith to comply with the conditions of their supervision. And so it's a burden that's going to be on them that we, in fact, don't even know. This is the perspective question, because if you think of it as a potentially beneficial service for which resources would be paid for if it's imposed as a condition, maybe there are other avenues for your clients to get CBT therapy if they want it. I don't know. Well, sometimes when the defendant wants something like that, the defense will request it. And so there are certainly circumstances where the defense attorney will request a special condition just for that reason, so that when an individual is on probation or supervised release after, the probation department will actually pay for the services. So district court could provide CBT if requested without any additional findings or record or constraint? Well, I think that if that were the situation, it would mean it was because the defense attorney and the defendant had determined that there was an appropriate program for the individual. So that's not this case. I mean, this is a situation where neither party requested it. You're confusing us with another case, but I'm wondering whether there was any discussion at sentencing about the defendant's desire to change course or to something that would indicate that the defendant might actually submit to CBT voluntarily, or whether he would just be dragged into a therapy session that he really didn't care about. I mean, there was certainly he would like to improve his life, and he's been- Well, I know he's saying that. That was also in the sentencing discussion. I apologize. Yeah, I saw that. But that doesn't quite solve the vagueness problem of this condition. Again, improving your life, making better decisions, these are fairly vague goals. And if, for example, he wants to participate in a voluntary program or to avail himself of other resources when he is back in the community, he'll have opportunities to do that. The question is whether this mandated condition is reasonably related to the goals of supervision and sort of no more burdensome than necessary on this record. And we submit that it's not, just based on the information the court has. Thank you. Good afternoon. May it please the court. I am Nathan Wren, and I represent the government on this appeal. I'll jump into the issue that was raised by defense counsel in their argument relating to the issue of cognitive behavioral therapy. So, I think the most important thing to recognize is that the guidelines authorized the district court to order mental health treatment. And this court has routinely upheld conditions along the lines of mental health treatment as required by the probation office. For example, defense counsel cited Young as a case in which this court had suggested that such a condition gave too much discretion to the probation office. In fact, in United States v. Young, this court affirmed such a condition and said that it was, quote, an unambiguously lawful and indeed advisable means of delegating supervisory authority to the probation office. And then in United States v. MATA, this court expounded on that and said that it's normal, and in fact expected, to let the probation office determine such things as the schedule, the duration, the number of treatments, details like that are appropriately left to the probation office. So what we have here is actually a more specific version of that sort of a condition. Do we have any explanation here? Is there anything on the record that you can point to that indicates that this is really a mental health problem as opposed to a guy who just likes to commit crimes? So what the district court had before it was the pre-sentence report which described the discussions that probation had had with the defense during the interview and the difficulty that, or with the defendant I should say, and the difficulty that the defendant had had in making decisions for himself in struggling with being able to control his decisions. The pre-sentence report highlighted the fact that the defendant actually was able to hold employment generally, he was able to function in society, and yet he would make these sort of impulsive decisions and he recognized that he had trouble with that sort of decision-making authority. And in light of that, the probation office, based on their experience and their dealing with people with this sort of a criminal record, determined that it was appropriate to recommend to the district court this particular type of mental health treatment, which is what the district court did. And so there was a basis in the record for the district court to determine that not just mental health treatment in general a condition that this court routinely affirms, but actually giving more guidance to the probation office than it needed to, and say this particular type of treatment seems appropriate in light of the concerns that were raised. So what significance is there to the absence of any mental health diagnosis of any kind? So you have probation talking to someone who's recidivated and says he doesn't want to keep doing that. No indication of mental health diagnosis or counseling or treatment previously. I suppose the way to ask it is, what if the record only showed that it was somebody who had committed multiple crimes over the course of their life? Would that be enough without any discussion further? Would the fact that somebody was a recidivist be enough to justify the imposition of this condition? So you would have to take each record on its facts. That is likely to be harder, especially on the sort of review we're doing here on plain error, where we're evaluating whether the reason for the condition is self-evident from the record. It would be harder to mount an argument in defense of that condition based on the sparse record that you've just described. A simple multiple prior convictions. So the difference between that sparse record and this sparse record is that he had a conversation with probation about wanting to control his impulses and stop doing this where he could do other things successfully. That in combination with the fact that the probation office actually evaluated the characteristics of Mr. Hardy, the fact that he had a number of characteristics that made him likely to be able to be a productive member of society, unlike some people with similar histories of assault and robbery, and pinpointed that the issue appeared to be these difficulty in controlling his decisions. And then it tied that to a need for cognitive behavioral therapy, which again was not objected to at sentencing. A lot of the arguments we're hearing here today about, oh, is the curriculum appropriate? Is the particular type of treatment that would actually be prescribed by the probation office appropriate? Those are exactly the sort of things that if the defendant is concerned about that level of granular detail, the defendant needs to erase that with the district court at the time of sentencing. That's why we have plain error review, because we recognize that if there needs to be more of a record developed, there's an opportunity to do that. The district court could have provided more detail if the defendant actually requested it at the time. But here, the PSR recommended this. It provided reasoning that made sense in light of the defendant's history and characteristics. It was noticed to the parties in advance of the sentencing. And the district court adopted the PSR, the reasoning in the PSR, and accepted the recommendation of the PSR in imposing that condition. And that's a record that on plain error review should be affirmed, because it's similar to other mental health treatment conditions that this court has affirmed. And in fact, is more specific and gives less discretion to the probation office than the typical mental health condition. And it's more tied to this defendant's particular circumstances as outlined in the PSR. It's certainly the case that if a defendant raises some of these concerns, a district court will have to address them and maybe inquire further with the probation office about what should be happening with this sort of cognitive behavioral therapy. Where here we don't have that, the district court would appropriately impose the condition as it was recommended by the PSR. Could I ask you, if we disagree with you, the remedy question counsel has asked for either striking the condition or remand, what's the government's view? If the issue is that the district court failed to provide an adequate explanation, then the appropriate remedy would be a remand to allow the district court to develop a remedy. I'm actually not familiar with the Jimenez case that was referenced. So I don't know other differences that may be. But in this case, that would be the appropriate remedy. One point I want to make also on the nature of the review here, because there was a discussion about relaxed plain error review. All the cases I'm aware of in which this court has applied the relaxed plain error review have been cases in which there was no notice in advance of sentencing that the condition was being considered by the district court. It is true that this court has identified multiple reasons why relaxed plain error review was appropriate, including not just the lack of notice, but also that remand in cases of sentencing is less burdensome than remanding in other cases. But in each case that this court has applied that, it has been a case in which there wasn't notice. And I think that's important because the advance notice that the defendant had in this case, that this condition was being considered and had been recommended by the probation office, gives the defendant an opportunity to object. And when the issue that's identified on appeal is a failure to explain the condition, again, when the defendant had full notice to ask the district court to develop that record in advance of sentencing, it's not appropriate for relaxing the plain error standard that would ordinarily apply. And it's inconsistent with the rationale underlying that plain error standard. Unless there are further... I suppose at some point if we were just to affirm that a cognitive behavioral therapy went into place, the defendant would be in a position with his lawyer to come back to the district court or to first go to the probation office and say, this isn't doing anything for me. I still have these urges or whatever and they don't seem to be... nothing seems to be working here. Maybe we should do something other than have me look at Rorschach tests or something like that. It doesn't have anything to do with therapy. Maybe it's misguided. And then somehow a correction could occur at that point. I don't know. That's exactly right, Your Honor. And we see many cases in the district courts in which defendants seek modifications of the terms of supervised release and citing exactly reasons like that. And so allowing this condition to come into effect to evaluate how it's working over time and then for either the defendant or the court to modify the condition one way or another would be fully appropriate and well in line with getting started with this condition and then seeing how it goes. There's nothing unusual about that. Thank you. Just briefly on the last point, it's very difficult for defendants to initiate modifications of their conditions of supervised release in part because they don't have a lawyer when they're on supervised release. Where are you going to go? You don't have plans. The other end of the phone? No, but it is the case though that often what happens is that... He's not on supervised release now, right? He's incarcerated. Correct. He's incarcerated now. But what often happens is that individuals are released. We don't receive notification when they're released. Federal defenders don't always follow along with them. Sometimes clients come back to us. Sometimes they don't. They won't always know that they have the right to counsel to seek a modification. This did come up in the Jimenez argument and some of the judges in that panel made the point that that's why it's good to have the condition clarified at the outset and that's really what we're asking for here. With respect to the evaluation of Mr. Hardy, government counsel talked about the pre-sentence report. I'm not aware of and I didn't see the paragraph that they were mentioning in terms of Mr. Hardy having a heart-to-heart where he said he needed to make better decisions. I think he generally expressed remorse for committing the crime that he had committed. I don't think that the probation officer who conducts the pre-sentence report is not a mental health professional, is not in a position to diagnose Mr. Hardy or to recommend a specific course of treatment for him, which was another reason why it would make sense to have this fleshed out by the district court. I didn't see anything about probation, Mr. Hardy telling probation that he needed to better control his impulses or some of the other things that the government referenced. With respect to the mental health condition, even mental health conditions have to be justified on the record. Your Honors were on the panel in the United States v. Rachmatov where a mental health condition was imposed without any explanation and that was vacated to give the court an opportunity to explain why it was justified and the same should be true here. As we point out in our brief, a typical mental health condition is tied to something on the record and that makes the requirement not vague because there's a diagnosed mental illness, whereas here there's nothing similar. Thank you. Thank you both. We'll take the matter under advisement.